IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02200–WJM–KMT

THERESE BYORICK,

     Plaintiff,

v.

CAS, INC., and
NORTHROP GRUMMAN SYSTEMS CORPORATION, a Delaware corporation,

     Defendants.

---

## ORDER

---

     This matter is before the court on Plaintiff's "Motion to Amend Complaint in Response to Defendants' Motion to Dismiss." (Doc. No. 23, filed Oct. 27, 2014.) Defendant CAS, Inc.[1] does not oppose Plaintiff's Motion to Amend. Defendant Northrup Gruman Systems Corporation ("Northrup") does oppose Plaintiff's Motion and therefore filed its Response in Opposition to Plaintiff's Motion to Amend on November 20, 2014. (Doc No. 44.) Plaintiff did not file a reply.

     Plaintiff seeks to amend her Amended Complaint in response to Northrup's Motion to Dismiss, which argues that Plaintiff fails to state a claim under Title VII because Plaintiff was not an employee of Northrup, nor was Northrup Plaintiff's joint employer with CAS, Inc. (*See*

---

[1] Defendant CAS was previously identified as Wyle Laboratories, Inc. (*See* Am. Compl., Doc. No. 10.) On November 20, 2014, the court granted Plaintiff's Unopposed Motion to Change Defendant Wyle's Name and amended the caption to substitute CAS, Inc. for Wyle Laboratories, Inc. (Minute Order, Doc. No. 42.)

Doc. No. 22.)  Plaintiff seeks to address the issues raised by Northrup's Motion to Dismiss by adding additional allegations through her proposed Second Amended Complaint. (Doc. No. 23-1.)

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend the pleadings] when justice so requires."  *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.*, 353 F.3d 832, 842 (10th Cir. 2003).  The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

At the time Plaintiff filed her Motion to Amend, this case was in its relative infancy. Indeed, at that time, the court had not yet held a Scheduling Conference, at which the court is required to set a deadline for amending the pleadings and joining parties.  Fed. R. Civ. P. 16(a)(3)(A).  Although the court has since held a Scheduling Conference, Plaintiff's Motion is plainly timely under the December 22, 2014 deadline for joinder of parties and amendment of

pleadings set forth in the Scheduling Order.  (Doc. No. 30, at § 9a.)  Accordingly, Plaintiff's

Motion to Amend is not unduly delayed.

Northrup nevertheless argues that Plaintiff's proposed amendments should be rejected as

futile because the proposed Second Amended Complaint still fails to establish that Northrup was

her employer, or that Northrup was her joint-employer with CAS, Inc.  The court acknowledges

that it may deny leave to amend if the proposed amendments fail to state a plausible claim for

relief under Federal Rule of Civil Procedure 12(b)(6).  *See Jefferson Cnty. Sch. Dist. v. Moody's

Investor's Servs.,* 175 F.3d 848, 859 (10th Cir. 1999) (citations omitted); *Gohier v. Enright,* 186

F.3d 1216, 1218 (10th Cir. 1999).

However, the court declines to resolve whether Plaintiff's Second Amended Complaint

would be futile as to Northrup.  First, Northrup does not maintain that it would face any—let

alone undue—prejudice if Plaintiff's proposed amendments are permitted.  *See Stender v.

Cardwell,* No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. Apr. 1, 2011)

(Martinez, J.) (citing *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1207 (10th Cir. 2006))

(prejudice to the opposing party is the single most important factor in deciding whether to allow

leave to amend and, in its absence, an opposition to a motion to amend is "grievously

weakened").

Second, District Judge William J. Martinez's Practice Standards provide:

> In my view the overuse of motions filed pursuant to Fed. R. Civ. P. 12(b)(6) in
> this District unreasonably delays the progress of civil litigation.  Motions brought
> pursuant to this Rule are strongly discouraged if the defect is correctable by the filing of
> an amended pleading.  Counsel should confer prior to the filing of a Rule 12(b)(6) motion
> to determine whether the deficiency (*e.g.,* failure to plead fraud with specificity) can be
> corrected by amendment, and should exercise their best efforts to stipulate to appropriate
> amendments.  If such a motion is nonetheless filed, counsel for the movant shall include

in the motion a conspicuous statement describing the specific efforts undertaken to comply with this Practice Standard.

(WJM Practice Standards, III.D.1.)  Northrup's Motion to Dismiss features the "conspicuous statement" required by Judge Martinez's practice standards.  More specifically, Northrup asserts that because the defect detailed in its Motion to Dismiss—i.e., that Northrup was not Plaintiff's employer and therefore Plaintiff does not have a remedy under Title VII—cannot be corrected by the filing of a motion to dismiss, the parties were unable to stipulate to an amendment of pleading that would eradicate the need for the Motion to Dismiss.  (Mot. Dismiss at 1-2.)

However, Plaintiff's present Motion makes clear that she disagrees that the defect cannot be corrected by an amended pleading.  Notably, Plaintiff has included an additional thirty-four allegations regarding whether Northrup jointly employed her with CAS, Inc.  Further, as previously discussed, Plaintiff's Motion to Amend was filed very early in this litigation.  Had Northrup simply acquiesced to the filing of an amended pleading—notwithstanding its belief that these additional allegations were still insufficient to overcome its Rule 12(b)(6) argument—it could have avoided the piecemeal approach it has taken here—namely a Motion to Dismiss and a separate Response in Opposition to Plaintiff's Motion to Amend that separately address the exact same issue.

Accordingly, the court finds that instead of forcing a futility argument into its Rule 15(a) opposition brief, Northrup will be better served by waiting to file a renewed motion under Rule 12(b)(6) after Plaintiff's Second Amended Complaint is in place as the operative pleading that consolidates the arguments raised in its Motion to Dismiss and Response to Plaintiff's Motion to

Amend. *See General Steel Domestic Sales, LLC v. Steelwise, LLC,* No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008) (noting that a Rule 15(a) futility argument often places the cart before the horse).

Therefore, it is

ORDERED that Plaintiff's "Motion to Amend Complaint in Response to Defendants' Motion to Dismiss" (Doc. No. 23) is GRANTED. No later than February 4, 2015, Plaintiff shall file a corrected version of her Second Amended Complaint that features the current caption and refers to CAS, Inc. instead of Wyle Laboratories, Inc, when appropriate.

Dated this 22nd day of January, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge